**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Gouya Ranekouhi, Esq. (SBN: 288267)
gouya@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa CA, 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

(Additional Attorneys on Signature Page)

*Attorneys for Plaintiff*, Melissa C. Stewart

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MELISSA C. STEWART,**<br><br>Plaintiff,<br><br>v.<br><br>**THE WISDOM COMPANIES, LLC,**<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. MELISSA C. STEWART ("Plaintiff") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of THE WISDOM COMPANIES, LLC ("Defendant") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as

to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12 (emphasis added).

4. Congress also specifically found that "the evidence presented to the Congress indicates that *automated* or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744 (emphasis added.).

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

132 S. Ct. 740 (2012).

6. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because Defendant is physically located in the City of El Segundo, County of Los Angeles, State of California, the harm inflicted upon Plaintiff has initiated therefrom, and Defendant conducts business therefrom.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Texas. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a California corporation whose primary corporate address is in El Segundo, California.

9. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).

10. Defendant engages in soliciting consumers to pay it for assistance in student loan consolidation programs and/or student loan forgiveness programs.

## FACTUAL ALLEGATIONS

11. Sometime in approximately 2013, Defendant and/or its agent/s began contacting Plaintiff on Plaintiff's cellular telephone number ending in 8251.

12. Since that time period—and after having repeatedly revoked consent to be called—Plaintiff has received several hundred calls from Defendant and/or its agent/s on her cellular telephone number ending in 8251.

13. The calls that Plaintiff has answered have resulted in Plaintiff hearing a prerecorded message advising Plaintiff that she is being called regarding a solicitation for enrollment into a student loan debt relief program, and advising her to either press "4" to be connected to a live agent or to press "8" to be taken off the call list.

14. On numerous occasions since between 2013 and the present time, Plaintiff has tried multiple times to press "8" to be taken off the call list as instructed by the prerecorded message, but the calls have always persisted.

15. On numerous occasions since between 2013 and the present time, Plaintiff has also spoken to live agents and has repeatedly informed them that she knows she does not qualify for their services, she is not interested in their services, and she wants the calls to stop.

16. Plaintiff's conduct above has therefore revoked any possible claim of consent that may have been in place to receive calls via an automatic telephone dialing system and/or using an artificial or prerecorded voice.

17. As such, these calls have been placed via an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and/or using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

18. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. Plaintiff relies upon her cellular telephone for work purposes, and has to answer every call that is received by her cellular telephone in case the call is for work-purposes.

20. As such, Defendant's conduct in placing several hundred calls to Plaintiff's cellular telephone since the year 2013 has caused a major disruption to Plaintiff's ability to perform her job functions appropriately.

21. Plaintiff still continues to receive these calls even to this day, and the violations are therefore on-going and continuing to accrue.

22. The telephone number Defendant called Plaintiff upon was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

23. The telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i), as the calls have always been for solicitation of goods and/or services.

24. The telephone calls by Defendant, or its agent/s, violated 47 U.S.C. § 227(b)(1), as they have been placed.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

27. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

31. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

32. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

///
///
///

# TRIAL BY JURY

33. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 13, 2015                                   Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s Gouya Ranekouhi
    Abbas Kazerounian, Esq.
    Gouya Ranekouhi, Esq.
    ATTORNEYS FOR PLAINTIFF

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**SEMNAR LAW FIRM**
Babak Semnar, Esq. (SBN: 224890)
bob@semnarlawfirm.com
400 South Melrose Drive, Suite 209
Vista, CA 92801
Telephone: (619) 500-4187
Facsimile: (888) 819-8230

**HARTMAN LAW OFFICE, INC.**
Jared M. Hartman, Esq. (SBN: 254860)
400 South Melrose Drive, Suite 209
Vista, CA 92081
Telephone: (951) 234-0881
Facsimile: (888)819-8230